```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                                                      :
             - against -                              :     16-CR-851 (VSB)
                                                      :
                                                      :     **OPINION & ORDER**
JANAE BENDOLPH,                                       :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2021

VERNON S. BRODERICK, United States District Judge:

Defendant Janae Bendolph ("Bendolph") moves this court to terminate her three-year term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Although Bendolph's post-sentencing conduct is commendable, considering the Section 3553(a) factors, I find that early termination is not warranted; therefore, Bendolph's motion is DENIED. I, however, find that a modification of her terms of supervised release is warranted to facilitate her ability to pursue career opportunities.

### I. Background and Procedural History

On July 28, 2017, Bendolph pleaded guilty to one count of conspiracy to commit wire fraud. (Doc. 96, Plea Transcript.) On March 12, 2018, I sentenced Bendolph to six months' imprisonment, a three-year term of supervised release, the first six months of which would be home detention, a $100 assessment, and $14,168.00 in restitution. (Doc. 193, Sentencing Transcript 26:5-17; Doc. 179, Judgment and Commitment Order).

Bendolph has now served more than two years of her three-year term of supervised release, and had five months remaining at the time of her request. (Bendolph Req. 1–2.)[1] Based on the criminal debt report updated on April 30, 2021, Bendolph still owes $2,415.64 in restitution. (Bendolph Req. Ex. C.) Bendolph has been compliant with the terms of her supervision. (*See* Bendolph Req. 6.)

On May 10, 2021, Bendolph filed a motion for early termination of her supervised release pursuant to 18 U.S.C. § 3583(e)(1). (Bendolph Req. 1.) On May 17, 2021, the Government filed a letter response in opposition to Bendolph's request. (Govt. Opp. 1.)[2] On May 19, 2021, I received an email from the Probation Department, Eastern District of New York ("EDNY Probation") indicating that it objected to Bendolph's request based on Bendolph's remaining restitution balance, and that "[h]aving this balance is a disqualifying factor as per . . . [EDNY] policy pertaining to early termination." (Prob. Email.)[3]

## II. Legal Standard

Pursuant to Title 18 Section 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

---

[1] "Bendolph Req." refers to the motion for early termination of supervised release filed by Bendolph on May 10, 2021. (Doc. 307.)

[2] "Govt. Opp." refers to the letter response in opposition to Bendolph's request filed by the Government on May 17, 2021. (Doc. 309.)

[3] "Prob. Email" refers to the email I received from Vincent Danielo, a probation officer in EDNY, on May 19, 2021.

## III. Discussion

"The § 3553(a) factors require me 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Erskine*, No. 05 Cr. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). I remain mindful "that supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *Id.* (internal quotation marks omitted). Ultimately, the decision whether to grant early termination rests in my discretion. *Id.* at *2.

Bendolph argues that early termination is warranted given her post-sentencing conduct and her need for freedom to pursue career opportunities, including becoming a flight attendant.[4] (Bendolph Req. 4–8.) She explains that balancing the interests of justice, "the remaining $2,000 restitution that Ms. Bendolph is committed to repaying to Amtrak versus the difficulty that continued supervision has created for Ms. Bendolph in furthering her career, weighs in favor of early termination." (*Id.* at 8.) Both the Government and EDNY Probation oppose her request on the ground that she has a remaining restitution balance. (*See* Govt. Opp. 2; Prob Email.) Additionally, the Government avers that Bendolph's conduct "does not constitute the type of exceptional behavior entitling a defendant to early termination," (Govt. Opp. 1 (quoting *United States v. Bailin*, No. 05 Cr. 48–01(SWK), 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008)), and that Bendolph's desire to apply for employment requiring greater travel can be achieved by a modification of her conditions of supervised release, (*id.* at 2).

---

[4] I note that Exhibit F, which Bendolph cites to in support of her assertion that she applied for a position as an in-flight crew member for JetBlue Airways Corporation, appears to be a job offer from the United States Postal Service, not a job application. (*See* Bendolph Req. Ex. F.) For purposes of my Opinion & Order, I will assume that Bendolph did in fact apply for a position with JetBlue and was rejected due to her inability to travel freely. (*See* Bendolph Req. 7–8.)

Bendolph has served more than two years of her three-year term of supervised release. Her post-sentencing conduct is admirable—she cares for her six-year-old daughter, has secured employment, and volunteers in her community. (*See* Bendolph Req. 2–4.) She has done much of this during an unprecedented global pandemic. Bendolph explains that her remaining restitution balance is due to her losing her post-release employment as a result of the COVID-19 pandemic. (*Id.* at 3.)

The Section 3553(a) factors, however, do not favor terminating Bendolph's term of supervised release. Although Bendolph has demonstrated commendable behavior after the offense, "such behavior is expected and does not merit early termination in this case after balancing all of the factors," including the nature and circumstances of the offense, the need to avoid unwarranted sentencing disparities, and the need to provide restitution. *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *2 (E.D.N.Y. Jan. 9, 2018). First, as I noted at sentencing, Bendolph was "convicted of a serious offense." (Doc. 193, Sentencing Transcript 22:22-23.) I explained that "[c]redit card fraud and identity theft are serious crimes and they have real victims," and that Bendolph's conduct was not an isolated incident. (*Id.* at 22–23.) The "nature and circumstances of the offense" therefore weigh against early termination. *See* 18 U.S.C. § 3553(a)(1). Second, although I found that Bendolph had committed a serious offense, upon considering Bendolph's characteristics, I sentenced Bendolph well below the recommended guidelines range. (*See* Bendolph Presentence Investigation Report, Doc. 122 at 24 (21 to 27 months' incarceration guidelines range)). "Lightening the sentence still further would risk creating or heightening sentencing disparities with other defendants who have committed similar crimes." *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (citing 18 U.S.C. §§ 3553(a)(4), (a)(6), 3583(e)). Third, continuing

supervision will ensure that Bendolph pays her remaining restitution.  *See* 18 U.S.C. § 3553(a)(7); *see e.g.*, *Stein*, 2020 WL 4059472, at *2 (finding unpaid restitution weighed in favor of denying early termination request); *Whittingham v. United States*, No. 14-cv-7738 (RJS), No. 12-CR-0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) (same); *United States v. Lai*, 458 F. Supp. 2d 177, 177 (S.D.N.Y. 2006).

I turn now to the interest of justice, *see* 18 U.S.C. § 3583(e)(1), which Bendolph argues will be best served by terminating her supervised release so that she can travel freely for work and more easily pursue job opportunities.  There is no denying the toll that continued supervision can have on a defendant's job prospects, (*see* Bendolph Reply 2)[5]; however, based on the papers before me, Bendolph has still done remarkably well in securing employment.  She first obtained a position as an Office Manager and Guest Relations Coordinator at Mercado Little Spain in Manhattan, (Bendolph Req. 2–3), she was then offered a position as a Dining Room Manager at Sarabeth's Tribeca, (Bendolph Req. Ex. B), and it appears she has been offered a position with the United States Postal Service, (Bendolph Req. Ex. F).  Nevertheless, as it appears that Bendolph is looking for a job with long-term prospects and greater stability, including potentially as a flight attendant, I am amendable to modifying Bendolph's terms of supervised release so that she can more easily pursue these opportunities.  I find that such a modification is in the interest of justice.  The parties are therefore directed to meet and confer, and to propose a modification to the terms of Bendolph's supervised release that will allow her to pursue job opportunities involving travel.

---

[5] "Bendolph Reply" refers to Bendolph's reply in support of her request for early termination, filed on May 24, 2021.  (Doc. 311.)

### IV. Conclusion

Bendolph's motion for early termination of her term of supervised release is DENIED. The parties are directed to submit a proposed modification to Bendolph's terms of supervised release on or before July 9, 2021. The Clerk of Court is respectfully directed to terminate the open motions at Docket Entry Numbers 307, 309, and 311.

SO ORDERED.

Dated: June 30, 2021
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge